UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| NEGIN NASIRI KENARI, | Case No.: 25cv01981-LL-JLB |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FIRST AMENDED COMPLAINT** |
| JACOB CONRAD, | |
| Defendant. | **[ECF No. 10]** |

Before the Court is Defendant Jacob Conrad's Motion to Dismiss pro se Plaintiff Negin Kenari's ("Plaintiff") First Amended Complaint ("FAC") pursuant to Rule 12(b)(5) and 12(b)(6) (the "Motion"). ECF No. 10. This matter is fully briefed, and the Court deems it suitable for determination on the papers and without oral argument pursuant to Civil Local Rule 7.1. For the reasons below, the Court **GRANTS** Defendant's Motion to Dismiss the FAC without prejudice.

## I.    BACKGROUND

Plaintiff, proceeding pro se, filed her FAC on September 3, 2025, alleging First, Fourth, and Fifth Amendment claims. ECF No. 7. On September 12, 2025, Plaintiff filed a certificate of service showing a printout of USPS tracking pages with deliveries made to

1

San Diego, California; Saint Johns, Florida; and Washington D.C. on September 4, 6, and 8, 2025, respectively. ECF No. 9. On September 22, 2025, Defendant moved to dismiss all of Plaintiff's claims based on insufficient service of process and a failure to state a claim. Mot. at 3.

## II.    DISCUSSION

### A. Motion to Dismiss for Insufficient Process under Federal Rule of Civil Procedure 12(b)(5)

#### 1.    Applicable Legal Standard

"Before a federal court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied." *Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987); *see also Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) ("In the absence of service of process (or waiver of service by the defendant), a court ordinarily may not exercise power over a party the complaint names as defendant."). "Once service is challenged, plaintiffs bear the burden of establishing that service was valid under Rule 4." *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004).

#### 2.    Plaintiff Did Not Properly Serve Defendant

Federal Rule of Civil Procedure 4(e) ("Rule 4(e)") governs service of individuals within the United States. Fed. R. Civ. P. 4(e). Pursuant to Rule 4(e), service may be effectuated by "following state law for servicing a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." *Id.* "California law permits five basic methods of service: (1) personal delivery; (2) delivery to someone else at the party's usual residence or place of business with mailing (known as 'substitute service'); (3) service by mail with acknowledgment of receipt; (4) service on persons outside the state by certified or registered mail with a return receipt requested; and (5) service by publication." *Creative Intellects v. Haygood*, No. 2:21-CV-02670-RGK-AFM, 2021 WL 3568237, at *2 (C.D. Cal. July 23, 2021) (citing Cal. Civ. Proc. Code §§ 415.10, 415.20, 415.30, 415.40, 415.50).

25cv01981-LL-JLB

Here, Plaintiff submitted as a certificate of service a printout of USPS tracking pages with deliveries made to San Diego, California; Saint Johns, Florida; and Washington D.C. ECF No. 9. While service by mail is allowed under California law, Plaintiff did not submit any acknowledgement of receipt as proof of service.

In her opposition, Plaintiff also alleges that the "service was effected at that address by leaving the summons and complaint with a responsible adult of suitable age" (opp'n at 1), but again she has not provided any evidence that such delivery was made. Aside from her conclusory statement that she "demonstrated diligent and reasonable efforts . . . ," the Court is not aware of such efforts.

Therefore, Defendant's Motion is **GRANTED** as to Rule 12(b)(5).

**B. Motion to Dismiss for Failure to State a Claim under Federal Rule of Civil Procedure 12(b)(6)**

**1. Applicable Legal Standard**

On a motion to dismiss under Rule 12(b)(6), dismissal is appropriate when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). To survive a Rule 12(b)(6) motion, a plaintiff only needs to plead "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Twombly,* 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Nevertheless, courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Sec. Litig.,* 536 F.3d 1049, 1055 (9th Cir. 2008) (quotation omitted). This standard is ultimately a "liberal" one, especially when the action has been filed "pro se." *See Estelle v. Gamble,* 429 U.S. 97, 106-07 (1976). Still, even under a "liberal interpretation," courts "may not supply elements of the claim that were not initially pled." *See Ivey v. Bd. of Regents of the Univ. of Alaska,* 673 F.2d 266, 268 (9th Cir. 1982).

25cv01981-LL-JLB

## 2.  Plaintiff Did Not Allege Sufficient Facts to State a Claim

Plaintiff's pleading fails to adequately meet the required pleading standards pursuant to Rule 8(a). The FAC is comprised of broad assertions with little factual support. This Court cannot plausibly draw any reasonable inference as to what misconduct the defendant is liable for. For example, Plaintiff alleges violations of First, Fourth, and Fifth Amendments but do not explain how Defendant was "acting under color of federal authority" or describe what actions constituted "unreasonable searches, seizures, and government surveillance." ECF No. 7 at 5.

In her opposition, Plaintiff argues that the FAC "alleges concrete facts" and refer to statements that are not in the FAC. Opp'n at 2. For example, Plaintiff alleges that "Defendant, while serving as a Navy dentist, participated in surveillance and harassment directed toward Plaintiff beginning in 2018." Opp'n at 2. However, nowhere in the FAC does it state that Defendant was a Navy dentist or any events that occurred in 2018. *See generally* FAC.

Therefore, Defendant's Motion is **GRANTED** as to Rule 12(b)(6).

### C. Leave to Amend

Where a motion to dismiss is granted, a district court must decide whether to grant leave to amend. Generally, the Ninth Circuit has a liberal policy favoring amendments and, thus, leave to amend should be freely granted. *See, e.g., DeSoto v. Yellow Freight Systems, Inc.*, 957 F.2d 655, 658 (9th Cir. 1992). Moreover, courts are not to "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (quoting *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988). Therefore, this Court will grant Plaintiff leave to amend her FAC.

/ / /

/ / /

/ / /

25cv01981-LL-JLB

### III.    CONCLUSION

Accordingly, the Court **GRANTS** Defendants' Motion to Dismiss with leave to amend. Any amended complaint and summons shall be filed and served within 14 days and must address the deficiencies explained herein. Failure to timely and properly file and serve may result in dismissal of the action.

**IT IS SO ORDERED**.

Dated:  May 5, 2026

_____
Honorable Linda Lopez
United States District Judge

25cv01981-LL-JLB